IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02470-LTB

KEITH C. BROOKS, JR.,

      Applicant,

v.

ANGEL MEDINA, Warden, Limon Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

I.  Background

      Applicant, Keith C. Brooks, Jr., is in the custody of the Colorado Department of Corrections (DOC) and is incarcerated at the DOC correctional facility in Limon, Colorado.  On September 20, 2011, Mr. Brooks, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  In an order entered on November 21, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action.  On December 29, 2011, Respondents filed their Pre-Answer Response.  Mr. Brooks filed a Reply on January 30, 2011.  The Court will deny the Application for the following reasons.

Mr. Brooks pled guilty to second degree burglary and theft in El Paso County District Court Case No. 00CR737 and was sentenced on June 12, 2000, to four years of probation with restitution.  Pre-Answer Resp., Appx. D at 1.  As part of the plea agreement in Case No. 00CR737, outstanding restitution from Mr. Brook's previous conviction in Case No. 99JD1799 was transferred to Case No. 00CR737.  *Id.*  In January 2001, Mr. Brooks violated his probation in Case No. 00CR737.  *Id.*  As a result, he was placed in community corrections, where he attempted to escape and was resentenced to two years of incarceration in the DOC.  *Id.* at 2.

From April 19, 2004, until December 27, 2007, Mr. Brooks filed several postconviction motions in both Case No. 00CR737 and Case No. 99JD1799.  *See* Appx F.  The postconviction motion at issue here is the Colo. R. Crim. P. 35(c) postconviction motion that was filed on December 27, 2007, in Case No. 00CR737.  In the December 27 motion, Mr. Brooks asserted several claims, including: (1) unauthorized restitution under state statute; (2) ineffective assistance of counsel for failure to ask for a restitution hearing, resulting in a coerced, invalid plea; (3) lack of court authority to transfer restitution; (4) collateral estoppel; and (6) improper subrogation.  The district court denied the motion, and Mr. Brooks appealed.

In his appeal, Mr. Brooks raised four claims, including: (1) lack of jurisdiction by the juvenile court to transfer the restitution from Case No. 99JD1799 to Case No. 00CR737; (2) lack of jurisdiction by the district court to order him to pay the transferred restitution in Case No. 00CR737; (3) right to be free from double jeopardy; and (4) an invalid plea agreement due to the illegal order of restitution.  Mr. Brooks also set forth

2

an ineffective assistance of counsel claim.  He argued that counsel accepted an illegal

sentence as part of the plea agreement and directed Mr. Brooks to accept the plea.

The Colorado Court of Appeals (CCA) affirmed the district court's order but

remanded the case to the district court with directions to remove the transferred

restitution amount from the mittimus in Case No. 00CR737.  The CCA found that the

district court had no authority to include the restitution order in the plea agreement and

the juvenile court lacked authority to transfer the obligation.  The CCA, however,

declined to address Mr. Brooks' three remaining claims because the claims were

presented for the first time on appeal.

Mr. Brooks asserts two claims in this Application, including: (1) the conviction in

Case No. 00CR737 violated his Sixth and Fourteenth Amendment rights because his

plea was based on an illegal sentence; and (2) counsel failed to provide effective

assistance when he advised him to plead guilty to an illegal sentence.

Respondents concede the action is timely, but they contend both claims are

procedurally defaulted.

II.  Analysis

The Court  must construe liberally the Application and Reply because Mr. Brooks

is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's

rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. People*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that Mr. Brooks' claims are procedurally defaulted in state court because he raised the claims for the first time on direct appeal. The Colorado Supreme Court has held that an appellate court will not consider an issue that is not

4

presented to the district court and is raised for the first time on appeal.  *See People v. Diefenderfer*, 784 P.2d 741, 752 (Colo. 1989); *see also, People v. Martinez*, 634 P.2d 26, 32 (Colo. 1981).

In his Reply, Mr. Brooks concedes he did not raise the double jeopardy claim in the state district court.  He argues, however, that the district court was alerted to the constitutional basis for his ineffective assistance of counsel claim and his invalid plea claim.

The Court has reviewed the claims Mr. Brooks raised in his December 27, 2007, postconviction motion in the state district court and in his opening brief on appeal.  In the district court, Mr. Brooks challenged (1) his counsel's failure to seek a restitution hearing, and (2) the validity of his guilty plea in 00CR737 based on counsel's failure to seek a hearing.  The claims Mr. Brooks raised in the state district court were based on counsel's alleged failure to pursue a restitution hearing.  The claims Mr. Brooks raised in his opening brief on appeal, however, were based on an alleged illegal sentence that included the restitution from his juvenile conviction.  He did not challenge counsel's failure to pursue a restitution hearing or claim a coerced plea based on a promised hearing in his opening brief on appeal.

The claims filed in the district court are only "somewhat similar" to the claims Mr. Brooks raised in the CCA.  *See Duncan*, 513 U.S. at 366.  Mere similarity of claims is insufficient to exhaust.  *Picard*, 404 U.S. at 275; *Anderson*, 459 U.S. at 6

Mr Brooks, therefore, has failed to present his claims in a full round of the State's established appellate review process as required by *O'Sullivan*.  *See O'Sullivan*, 526 U.S. at 845.  (The requirement of exhaustion of state remedies in federal habeas cases

dictates that a state prisoner must "give the state courts a full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").  As a result the CCA did not address the issues presented in Claims One and Two, and the claims are not exhausted.

Furthermore, unexhausted habeas claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground.  *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . .  For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims."  *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted).  Also, if it is obvious that an unexhausted claim would be procedurally defaulted in state court the claim is held procedurally barred from federal habeas review.  *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions.  The limited exceptions include whether there is a basis for an event that took place after the initiation of a prior appeal or postconviction proceeding, or evidence that could not have been discovered through the exercise of due diligence.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII).  The exceptions are not applicable to either claim.  *Id.*  There is neither an event that took place after the initiation of Mr. Brooks' December 27, 2007 postconviction motion or evidence that could not have been discovered through the exercise of due diligence justifying a

6

successive postconviction motion regarding his claims.  *Id.*

A procedural default may be "excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman*, 501 U.S. at 730.  Mr. Brooks' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Brooks must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  Ineffective assistance of counsel may establish cause excusing a procedural default.  *Jackson v. Shanks*, 143 F.3d at 1319.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.  A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  In order to demonstrate a fundamental miscarriage of justice, Mr. Brooks first must "support his

allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- -that was not presented at trial." *Id.* Mr. Brooks then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Construing his Application liberally, Mr. Brooks does not argue any basis for finding cause and prejudice or a fundamental miscarriage of justice.  He only argues that this Court is not bound by the CCA's erroneous finding and he should not be procedurally barred from a review of the merits of his application based on the erroneous finding.  As stated above, the CCA's findings were not erroneous but were properly based on an independent and adequate state procedural ground.  Mr. Brooks, therefore, fails to show that a factor external to the defense impeded counsel's ability to comply with the state's procedural rule and was presented as an independent claim.  He also fails to present any new reliable evidence that demonstrates he is actually innocent.  As a result, both claims are barred from federal habeas review.

III. Conclusion

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Brooks files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed on the merits.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Brooks has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __8th__ day of ___February___, 2012.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court